[No. 14899.   Department One.   January 21, 1919.]

H. K. OWENS et al., Appellants, v. FREDERICK BAUSMAN
et al., Respondents.[1]

MORTGAGES (243)—FORECLOSURE—ATTORNEY'S FEES—STIPULATION
IN NOTE. A mortgage note containing a promise to pay a reason-
able attorney's fee, in case suit is instituted to collect the note,
entitled attorneys in a foreclosure action to a reasonable fee upon a
settlement and discontinuance of the foreclosure.

BILLS AND NOTES (7)—CONSIDERATION. The amount which attor-
neys in a foreclosure action were entitled to as a reasonable fee
under the terms of the mortgage note, agreed to upon settlement of
such action, is a good and valuable consideration for a note therefor
by the mortgagors to the attorneys.

APPEAL (462)—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Error
in instructions to the jury is harmless where the verdict was merely
advisory.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered December 14, 1917,
in favor of the defendants, in an action to recover a
promissory note on the ground of duress and failure
of consideration, tried to the court and a jury. Af-
firmed.

*Vince H. Faben,* for appellants.

*Walter L. Nossaman,* for respondents.

MAIN, J.—The purpose of this action was to obtain
possession of a promissory note, claimed to have been
given under duress and without a valuable considera-
tion. To the complaint the defendants presented an
answer and cross-complaint. In the answer, the alle-
gations of the complaint were denied. In the cross-
complaint, foreclosure was sought of a mortgage which
had been given to secure the note in question. By
consent of counsel, the cause was tried as an equity

[1]Reported in 177 Pac. 792.

action, and the verdict of the jury was taken upon the issues made by the complaint and the answer. The verdict of the jury was against the claims made by the plaintiffs. Judgment was entered dismissing the plaintiffs' action and allowing a recovery against them upon the cross-complaint. In other words, the issues made between the original complaint and the answer and the issues upon the cross-complaint were all found in favor of the defendants to the original complaint (the plaintiffs in the cross-complaint). From this judgment, the appeal is prosecuted.

The controversy arose out of facts which may be briefly summarized. On June 24, 1911, the appellants, H. K. Owens and wife, being then the owners of valuable real estate in the city of Seattle, mortgaged it to the Metropolitan Life Insurance Company, a corporation, to secure the payment of a promissory note in the sum of $30,000. This note and mortgage became due five years after date, or on June 24, 1916. The respondent law firm was the representative of the Metropolitan Life Insurance Company in Seattle. During the latter part of the year 1916, Mr. Oldham, of this firm, upon investigation, found that the taxes upon the property covered by the mortgage were delinquent in the sum of approximately $2,000. He thereupon called Mr. Owens' attention to this fact, and thereafter numerous conversations took place between them relative to the payment of the taxes and interest due and the obtaining of an extension of the note and mortgage, Mr. Oldham writing from time to time to the Metropolitan Life Insurance Company to ascertain what it desired in the matter. The negotiations and correspondence continued until the latter part of February, when the respondents were directed by their principal to begin the foreclosure action. Much of the discussion between the parties was over the question

as to whether Owens would assign to the Metropolitan Life Insurance Company the rents that might be due from time to time from the building upon the property covered by the mortgage. No conclusion was reached as to this matter, and on the 27th of February, 1917, an action was begun to foreclose the $30,000 mortgage, respondents appearing as attorneys for plaintiff in that action. About two months subsequent to the time the action was instituted, the matters between the Metropolitan Life Insurance Company and the appellants were adjusted by an extension of the note and mortgage and the dismissal of the foreclosure action, all negotiations between the parties having been conducted by Mr. Oldham and Mr. Owens. At the time the foreclosure action was dismissed, the respondents claimed that they had earned in that action, as attorney's fee, the sum of $500. Mr. Owens, not having the available cash, gave a note for this sum, secured by a mortgage upon real estate other than that covered by the Metropolitan Life Insurance Company mortgage. A few weeks subsequent to this, the appellants brought this action to recover possession of the note. When the cause came on for trial, the question arose as to whether it should be tried as an equity or law action. After some colloquy between court and counsel, it was agreed that it should be tried as an equity action and that the verdict of the jury, therefore, would be merely advisory. At the conclusion of the evidence, the court submitted to the jury two special interrogatories which covered the issues made by the original complaint and the answer. By the first interrogatory the jury were directed to find whether there was any consideration for the note. This interrogatory was answered "Yes." By the second interrogatory the jury were directed to answer whether the note

was obtained by duress, coercion or threats. This was answered "No."

It is unnecessary here to discuss or determine the question whether the action was one triable at law or in equity, since, by consent of counsel, it was tried as an equity action and the verdict of the jury was taken in an advisory capacity.

As to the second question propounded to the jury—that relating to duress, etc.—it may be said there is no evidence in the record that would sustain any other finding than that made by the jury. The giving of the note was entirely voluntary, and it was taken, as above indicated, because of the inability of the appellants at that time to pay cash.

Whether the jury's finding upon the first interrogatory—that relating to the consideration for the note—should be sustained depends upon whether an attorney's fee had been earned in the action brought by the Metropolitan Life Insurance Company to foreclose the $30,000 mortgage, in which action the respondents were the attorneys for the plaintiff. The note, which that mortgage was given to secure, among other things, provided that, in case "suit is instituted to collect this note, or any portion thereof, I promise to pay such additional sum as the court may adjudge reasonable, as attorney's fee in such suit." It will be noted that here was a promise to pay a reasonable attorney's fee in the event that a suit was "instituted" to collect the note. When the foreclosure action was dismissed, under the terms of the note, the respondents were entitled to a reasonable attorney's fee to compensate them for the work which they had done up to that time. The parties agreed upon the sum of $500, and it was for this sum that the note here in question was given. There can be no question that the amount

which the respondents were entitled to as attorney's fee in the foreclosure action was a good and valuable consideration for the note here in controversy.

It is claimed that the trial court erred in instructions to the jury. It may be said in passing that the instruction complained of correctly stated the law; and, if it did not, it would not be reversible error, because the case is tried here *de novo.*

The judgment will be affirmed.

CHADWICK, C. J., MITCHELL, PARKER, and TOLMAN, JJ., concur.